Craig P. Goetz
1920 E Bell Rd., Unit 1001
Phoenix, AZ  85022
(602)531-2475

*Plaintiff*

```
 _____
/  ___ FILED       ___ LODGED   |
|  ___ RECEIVED    ___ COPY     |
|                               |
|        APR 27 2015            |
|                               |
|   CLERK U S DISTRICT COURT    |
|     DISTRICT OF ARIZONA       |
|  BY                  DEPUTY   |
 _____
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| CRAIG P. GOETZ,<br><br>                        Plaintiff<br><br>                vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES,<br>LLC.;<br>ARIKA B. HOVER, Esq.;<br>DAVID B. LEVIN, Esq.;<br><br>                        Defendants | CV-15-00759-PHX-DGC<br><br>**Civil Case No.:**<br><br>**COMPLAINT PURSUANT TO THE FAIR<br>DEBT COLLECTION PRACTICES ACT.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Craig P. Goetz hereby sues Defendants Portfolio Recovery Associates, LLC (hereinafter "PRA"), Arika B. Hover, Esq. (hereinafter "Hover")., and David B. Levin, Esq. (hereinafter "Levin") for money damages arising from violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 *et. seq*. and, upon information and belief, alleges as follows:

### I.    JURISDICTION AND VENUE

1. This Court possesses original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 as the claims arise under the FDCPA.

2. Venue is invoked pursuant to 28 U.S.C. § 1391b(2).

## II. **PARTIES**

3.  Plaintiff, Craig P. Goetz, is a natural person and is a resident of the State of Arizona, in the County of Maricopa.

4.  Upon information and belief, Portfolio Recovery Associates, LLC is a Delaware corporation authorized to conduct business in Arizona.  PRA's principle place of business is 120 Corporate Blvd, Norfolk, VA 23502.  The principal purpose of Defendant PRA is attempting to collect debts alleged to be due another through the use of mailings and the telephone.

5.  Upon information and belief, Defendant Arika B. Hover, Esq. is an agent of Defendant PRA in the capacity of an associate.  The principle purpose of Defendant Arika B. Hover is attempting to collect debts alleged to be due another through the use of mailings and telephone.

6.  Upon information and belief, Defendant David B. Levin is an agent of Defendant PRA in the capacity of an associate.  The principle purpose of Defendant David B. Levin is attempting to collect debts alleged to be due another through the use of mailings and telephone.

## III. GENERAL ALLEGATIONS OF FACT AND LAW

7.  In October 2013 Plaintiff received an unsigned letter from PRA in an attempt to collect on an alleged credit card debt.

8.  At the bottom of the October 2013 letter it states "This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

9.  In response, Plaintiff sent Defendant PRA a request for validation in November 2013 of the

entire debt, specifically requesting validation of all charges associated with this alleged

debt.

10. In December 2013 Plaintiff received a response from PRA regarding the request for

validation of the alleged account in question.  In the letter it lists the seller of the alleged

account as "CAPITAL ONE BANK (USA) N.A.", the Merchant as "CAPITAL ONE BANK N.A."

and the Original Creditor as "CAPITAL ONE BANK (USA) NA".

11. The December 2013 letter from PRA in response to request for validation purportedly lists

the last four digits of the Plaintiff's social security number, but the digits listed are

unknown to Plaintiff as they are not the last four digits of Plaintiff's social security number.

12. The December 2013 letter from PRA in response to request for validation lists the "Total

Balance" as $1,050.38.

13. Nowhere in the December 2013 mailing from PRA in response to request for validation are

included any documentation that establishes a foundation for the charges that purportedly

compose the total balance of $1,050.38.

14. Plaintiff sent a follow-up letter in January 2014 to Defendant PRA again requesting specific

documentation to confirm the details of the alleged account.

15. Later in January 2014 Plaintiff received a virtually identical mailing dated January 20, 2014

from Defendant PRA in response to Plaintiff's second request for detailed information

about the account.  Nowhere included in the mailing was any of the requested

documentation to substantiate the details of the account.

16. Very shortly after receiving PRA's second attempt at validation, Plaintiff received a

threatening letter dated January 23, 2014 informing Plaintiff that the alleged account had

been transferred to the litigation department, insinuating potential legal action to be taken

against Plaintiff despite having not responded adequately to Plaintiff's request for basic and fundamental information about the alleged account.

15. In February 2014, Plaintiff received yet another threatening letter from Defendant PRA in which litigation is threatened if Plaintiff fails to settle the alleged account.

16. Plaintiff responded to the February 2014 letter with a 3rd request for validation in March 2014 of the details of the alleged account in question, specifically requesting documentation to substantiate the details of the alleged account, as well as a copy of the contract and its associated terms and conditions.

17. In response, Plaintiff received a letter from the Disputes Department dated March 29, 2014 in which they allege that "we have already responded to a previous dispute substantially the same as your present dispute."  The letter further states "No further replies will be forthcoming unless you provide the information we need to assist you."

18. In January 2015 Plaintiff was served with a lawsuit styled "PORTFOLIO RECOVERY ASSOCIATES, LLC vs. CRAIG P GOETZ and JANE/JOHN DOE, Debtor and Co-Debtor, Defendant(s)", Case No. CC2015003156RC in the Dreamy Draw Justice Court for the State of Arizona.  The Complaint lists "Breach of Contract; Account Stated; Open-Ended Account" as the basis for the action, although attaches no documentation whatsoever to support these multiple recovery theories.

19. On the bottom of all pages of the complaint it states "This communication is from a debt collector and is an attempt to collect a debt.  Any information obtained will be used for that purpose."

20. On the bottom of the last page of the complaint it lists Defendants Hover and Levin as attorneys acting for Defendant PRA.

21. The complaint alleges in paragraph 3 that "CRAIG P GOEZ and JANE/JOHN DOE opened an account(s) with CAPITAL ONE BANK (USA) NA / CAPITAL ONE BANK (USA), N.A. / CAPITAL ONE BANK, N.A. promising to make payments."

22. Plaintiff has never been married, nor does Plaintiff ever recall signing any contracts with CAPITAL ONE BANK (USA) NA, CAPITAL ONE BANK (USA), N.A., nor CAPITAL ONE BANK, N.A.

23. In Paragraph 5 it states "The Defendant(s) made charges, but failed to make monthly payments due.  There is an account(s) stated in the amount of $911.41."  This monetary demand contradicts previous alleged account information of $1050.38 as listed on all mailings previously sent to Plaintiff from PRA.

24. On April 6th, 2015 Plaintiff participated in a mediation session with Defendant Levin that was overseen by the Dreamy Draw Justice Court.

25. After the failed mediation session, Plaintiff began compiling discovery requests to be submitted to Defendant PRA, which were subsequently mailed on April 10th, 2015.

26. On April 9th, 2015 Plaintiff was served by Defendant PRA with a Motion for Summary Judgment, and at the bottom of all pages of said motion is states "This communication is from a debt collector and is an attempt to collect a debt.  Any information obtained will be used for that purpose."

27. On April 9th and again on April 10th, 2015 Plaintiff sent emails to Defendants Hover and Levin in a good faith effort to enlist their agreement for an extension of time for Plaintiff to respond to their Motion for Summary Judgment given that discovery is not yet concluded. To date, Plaintiff has received no response from either of them.

28. Defendant PRA's Motion for Summary Judgment is date stamped April 7, 2015 by the

Dreamy Draw Justice Court.

29. Attached to Defendant PRA's Motion for Summary Judgment is a Bill of Sale with an accompanying affidavit from the purported "Vice President" of Capital One Bank (USA), N.A. Mr. John H. Maurer.

30. Nowhere in Mr. Maurer's affidavit, nor in the Bill of Sale the affidavit refers to, does there exist any mention of the alleged account at issue in that case, and upon which rests PRA's presumed legal authority to sue.

31. Bundled together with Mr. Maurer's affidavit and the Bill of Sale is an untitled printout of various information supposedly pertaining to the alleged account at issue in that case, which states at the bottom of the printout in bold lettering as follows:  "Data printed by Portfolio Recovery Associates, LLC from electronic records provided by CAPITAL ONE BANK (USA), N.A. pursuant to the sale of accounts from CAPITAL ONE BANK (USA), N.A. to Portfolio Recovery Associates, LLC."

32. There exists no accompanying affidavit from a competent fact witness attesting to the authenticity and truthfulness of this untitled printout of various and diverse information.

33. Nowhere in Mr. Maurer's affidavit nor in the Bill of Sale does it reference this untitled printout of electronic information purportedly derived from Capital One Bank (USA), N.A., and as such has no standing as competent evidence pursuant to the Rules of Evidence for the Courts in the State of Arizona.

34. Even if it possessed a proper evidentiary foundation, the untitled and unauthenticated printout of electronic information lists information that contradicts information averred in PRA's Motion for Summary Judgment.

35. The untitled and unauthenticated printout of electronic information lists the "Last Payment

Amount" as "0.00."

36. In paragraph 3 of PRA's Motion for Summary Judgment, Statement of Facts, it states "On or about 5/26/2010, Defendant made a payment of $23.00 to Original Creditor, which was the last payment made on the Account."

37. The untitled and unauthenticated printout of electronic information lists the "Charge-off Amount" as "911.41" and a "Current Total Balance" as "1050.38"

38. In paragraph 4 of PRA's Motion for Summary Judgment, Statement of Facts, it states ". . . the Account was charged-off by Original Creditor, due to Defendant's failure to make all required payments, leaving a balance of $991.41. . . ."

39. The untitled and unauthenticated printout of electronic information lists the "Interest Rate" of the alleged account at "0.00."

40. In paragraph 4 of PRA's Motion for Summary Judgment it references unauthenticated "Account statements" as exhibits, which list a Cash interest rate of 24.90% and a purchase interest rate of 17.90%.

41. Defendant PRA's Motion for Summary Judgment lists the Attorneys responsible for its filing as Defendants Hover and Levin.

42. There were no properly authenticated documents pursuant to the Rules of Evidence for the Courts in the State of Arizona attached to Defendant PRA's Motion for Summary Judgment that create any nexus of liability between the purported original creditor, the alleged account at issue, Defendant Portfolio Recovery Associates, and the Plaintiff in this action.

43. There were no properly authenticated documents pursuant to the Rules of Evidence for the Courts in the State of Arizona attached to Defendant PRA's Motion for Summary Judgment that establish a valid assignment in existence between Capital One Bank (USA), N.A. and

Portfolio Recovery Associates, LLC as regards the alleged account in question.

44. Based on the complaint and the Motion for Summary Judgment filed against Plaintiff, Defendant PRA does not possess all necessary elements to succeed with a Breach of Contract claim, an Account Stated claim, nor an Open-Ended Account claim.

45. A Breach of Contract claim requires production of the actual contract at issue. As evidenced by the complaint and the Motion for Summary Judgment, Defendant PRA does not possess evidence to meet this burden.

46. An Account Stated claim requires at least three elements: 1) evidence of prior transactions between the parties, creating a creditor-debtor relationship; 2) an agreement, express or implied, between the parties as to the total amount due; and 3) a promise by the debtor, express or implied, to repay the amount due. As evidenced by the complaint and the Motion for Summary Judgment, Defendant PRA does not possess evidence to meet this burden.

47. An Open-Ended Account claim at a minimum requires an itemization of all charges associated with the account at issue. As evidenced by the complaint and the Motion for Summary Judgment, Defendant PRA does not possess evidence to meet this burden.

48. Defendants PRA, Hover, and Levin knew, or should have known, that they did not possess evidence to support their claims for Breach of Contract, Account Stated, and Open-Ended Account prior to filing the complaint and Motion for Summary Judgment against Plaintiff as a means to collect on an alleged debt.

49. The natural consequences of the actions, as detailed above, of all of the above named Defendants, was to cause Plaintiff mental anguish, anxiety, emotional distress, and loss of sleep.

50. Plaintiff sent a Notice of Intent to Litigate to all defendants individually on April 13th, 2015 in an attempt to resolve this matter without court action, but received no response from any defendant.

51. Discovery of violations brought forth by Defendants are within the statute of limitations as defined in the FDCPA, 15 U.S.C. § 1692k.

## IV.  CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF:
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et. seq.*  BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC

52. Plaintiff repeats and realleges each and every allegation above.

53. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

54. Defendant PRA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

55. As a "debt collector" Defendant PRA is charged with fully knowing its duties and legal obligations as they pertain to the FDCPA.

56. As a result of having foreknowledge of its duties and legal obligations under the FDCPA, and by failing to adhere to those duties and legal obligations, Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

   a. As a result of filing a lawsuit against Plaintiff prior to responding to Plaintiff's multiple requests for validation of the alleged account with sufficient documentation to verify the alleged claim (despite Plaintiff's prior repeated requests for this information), Defendant violated 15 U.S.C. § 1692f as it represents an unfair and unconscionable means to collect an alleged debt.

   b. As a result of filing a lawsuit against Plaintiff in an attempt to collect a debt without ever having responded to Plaintiff's repeated attempts to secure legitimate

documentation about the alleged debt, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

c.  As a result of filing a lawsuit against Plaintiff that lists "Breach of Contract" as a theory of recovery without possessing any evidence of a contract, Defendant violated 15 U.S.C. § 1692e(2) as it is a false, deceptive, and/or misleading representation of an alleged debt as regards its character and/or legal status.

d.  As a result of filing a lawsuit against Plaintiff that lists "Breach of Contract" as a theory of recovery without possessing any evidence of a contract, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and unconscionable means to collect on an alleged debt.

e.  As a result of filing a lawsuit against Plaintiff that lists "Breach of Contract" as a theory of recovery without possessing any evidence of a contract, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

f.  As a result of filing a lawsuit against Plaintiff that lists "Account Stated" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692e(2) as it is a false, deceptive, and/or misleading representation of an alleged debt as regards its character and/or legal status.

g.  As a result of filing a lawsuit against Plaintiff that lists "Account Stated" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and unconscionable means to collect on an alleged debt.

h.  As a result of filing a lawsuit against Plaintiff that lists "Account Stated" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

i.  As a result of filing a lawsuit against Plaintiff that lists "Open-Ended Account" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692e(2) as it is a false, deceptive, and/or misleading representation of an alleged debt as regards its character and/or legal status.

j.  As a result of filing a lawsuit against Plaintiff that lists "Open-Ended Account" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and unconscionable means to collect on an alleged debt.

k.  As a result of filing a lawsuit against Plaintiff that lists "Open-Ended Account" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

l.  As a result of filing a lawsuit against Plaintiff that lists a different amount as due and owing compared to prior mailings sent to Plaintiff, Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the amount of the alleged debt.

m.  As a result of filing a lawsuit against Plaintiff that alleges that Plaintiff opened an account with 3 different banking entities and/or subsidiaries without ever providing Plaintiff any documentation (despite Plaintiff's prior requests for the

contract information of the alleged account), Defendant violated 15 U.S.C. § 1692e as it is a false, deceptive, and/or misleading representation of an alleged debt.

n. As a result of filing a Motion for Summary Judgment against Plaintiff that included no authenticated documentation pursuant to the Rules of Evidence for the Courts in the State of Arizona, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

o. As a result of filing a Motion for Summary Judgment against Plaintiff that included no authenticated documentation pursuant to the Rules of Evidence for the Courts in the State of Arizona, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and/or unconscionable means to collect on an alleged debt.

p. As a result of filing a Motion for Summary Judgment against Plaintiff one day after the mediation session, Defendant violated 15 U.S.C. § 1692d in another attempt to harass Plaintiff to pay for the alleged debt by attempting to subvert the discovery process in that action.

q. As a result of filing a Motion for Summary Judgment against Plaintiff one day after the mediation session and failing to respond to Plaintiff's emails regarding an enlargement of time to respond to said motion, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and/or unconscionable means to collect on an alleged debt by attempting to subvert the discovery process in that action.

r. As a result of contradictory information in its Motion for Summary Judgment regarding the alleged amount owed, the interest rate, and last payment amount, Defendant violated 1692e as it is a false, deceptive, and/or misleading representation of an alleged debt.

57. As a result of the foregoing egregious violations, Plaintiff suffered and continues to suffer mental anguish, anxiety, emotional distress, and loss of sleep and Defendant is liable for Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

**SECOND CLAIM FOR RELIEF:**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. § 1692 *et. seq.* BY DEFENDANT ARIKA B. HOVER, ESQ.**

58. Plaintiff repeats and realleges each and every allegation above.

59. Defendant Hover is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

60. As a "debt collector" Defendant Hover is charged with fully knowing its duties and legal obligations as they pertain to the FDCPA.

61. As a "debt collector" Defendant Hover is presumed to have intimate knowledge of the details of the alleged account upon which she has sued Plaintiff as acting agent of Defendant PRA.

62. As a result of having foreknowledge of her duties and legal obligations under the FDCPA, and by failing to adhere to those duties and legal obligations, Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

    a. As a result of filing a lawsuit against Plaintiff with knowledge that Plaintiff's multiple requests for validation of the alleged account went unanswered, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and unconscionable means to collect an alleged debt.

    b. As a result of filing a lawsuit against Plaintiff in an attempt to collect a debt with knowledge that Plaintiff's repeated attempts to secure legitimate documentation about the alleged debt went unanswered, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

c. As a result of filing a lawsuit against Plaintiff that lists "Breach of Contract" as a theory of recovery without possessing any evidence of a contract, Defendant violated 15 U.S.C. § 1692e(2) as it is a false, deceptive, and/or misleading representation of an alleged debt as regards its character and/or legal status.

d. As a result of filing a lawsuit against Plaintiff that lists "Breach of Contract" as a theory of recovery without possessing any evidence of a contract, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and unconscionable means to collect on an alleged debt.

e. As a result of filing a lawsuit against Plaintiff that lists "Breach of Contract" as a theory of recovery without possessing any evidence of a contract, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

f. As a result of filing a lawsuit against Plaintiff that lists "Account Stated" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692e(2) as it is a false, deceptive, and/or misleading representation of an alleged debt as regards its character and/or legal status.

g. As a result of filing a lawsuit against Plaintiff that lists "Account Stated" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and unconscionable means to collect on an alleged debt.

h. As a result of filing a lawsuit against Plaintiff that lists "Account Stated" as a theory of recovery without possessing evidence to meet the burden of all of the elements of

this theory, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

i.  As a result of filing a lawsuit against Plaintiff that lists "Open-Ended Account" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692e(2) as it is a false, deceptive, and/or misleading representation of an alleged debt as regards its character and/or legal status.

j.  As a result of filing a lawsuit against Plaintiff that lists "Open-Ended Account" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and unconscionable means to collect on an alleged debt.

k.  As a result of filing a lawsuit against Plaintiff that lists "Open-Ended Account" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

l.  As a result of filing a lawsuit against Plaintiff that lists a different amount as due and owing compared to prior mailings sent to Plaintiff, Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the amount of the alleged debt.

m.  As a result of filing a lawsuit against Plaintiff that alleges that Plaintiff opened an account with 3 different banking entities and/or subsidiaries with knowledge that Plaintiff's request for the contract information of the alleged account went unanswered, Defendant violated 15 U.S.C. § 1692e as it is a false, deceptive, and/or misleading representation of an alleged debt.

n. As a result of filing a Motion for Summary Judgment against Plaintiff that included no authenticated documentation pursuant to the Rules of Evidence for the Courts in the State of Arizona, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

o. As a result of filing a Motion for Summary Judgment against Plaintiff that included no authenticated documentation pursuant to the Rules of Evidence for the Courts in the State of Arizona, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and/or unconscionable means to collect on an alleged debt.

p. As a result of filing a Motion for Summary Judgment against Plaintiff one day after the mediation session, Defendant violated 15 U.S.C. § 1692d in another attempt to harass Plaintiff to pay for the alleged debt by attempting to subvert the discovery process in that action.

q. As a result of filing a Motion for Summary Judgment against Plaintiff one day after the mediation session and failing to respond to Plaintiff's emails regarding an enlargement of time to respond to said motion, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and/or unconscionable means to collect on an alleged debt by attempting to subvert the discovery process in that action.

r. As a result of contradictory information in the Motion for Summary Judgment regarding the alleged amount owed, the interest rate, and last payment amount, Defendant violated 1692e as it is a false, deceptive, and/or misleading representation of an alleged debt.

63. As a result of the foregoing egregious violations, Plaintiff suffered and continues to suffer mental anguish, anxiety, emotional distress, and loss of sleep and Defendant is liable for

Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

### THIRD CLAIM FOR RELIEF:
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,
### 15 U.S.C. § 1692 *et. seq.* BY DEFENDANT DAVID B. LEVIN, ESQ.

64. Plaintiff repeats and realleges each and every allegation above.

65. Defendant David B. Levin, Esq. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

66. As a "debt collector" Defendant David B. Levin, Esq. is charged with fully knowing his duties and legal obligations as they pertain to the FDCPA.

67. As a "debt collector" Defendant Levin is presumed to have intimate knowledge of the details of the alleged account upon which he has sued Plaintiff as an agent of Defendant PRA.

68. As a result of having foreknowledge of his duties and legal obligations under the FDCPA, and by failing to adhere to those duties and legal obligations, Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

   a. As a result of filing a lawsuit against Plaintiff with knowledge that Plaintiff's multiple requests for validation of the alleged account went unanswered, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and unconscionable means to collect an alleged debt.

   b. As a result of filing a lawsuit against Plaintiff in an attempt to collect a debt with knowledge that Plaintiff's repeated attempts to secure legitimate documentation about the alleged debt went unanswered, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

   c. As a result of filing a lawsuit against Plaintiff that lists "Breach of Contract" as a

theory of recovery without possessing any evidence of a contract, Defendant violated 15 U.S.C. § 1692e(2) as it is a false, deceptive, and/or misleading representation of an alleged debt as regards its character and/or legal status.

d.  As a result of filing a lawsuit against Plaintiff that lists "Breach of Contract" as a theory of recovery without possessing any evidence of a contract, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and unconscionable means to collect on an alleged debt.

e.  As a result of filing a lawsuit against Plaintiff that lists "Breach of Contract" as a theory of recovery without possessing any evidence of a contract, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

f.  As a result of filing a lawsuit against Plaintiff that lists "Account Stated" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692e(2) as it is a false, deceptive, and/or misleading representation of an alleged debt as regards its character and/or legal status.

g.  As a result of filing a lawsuit against Plaintiff that lists "Account Stated" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and unconscionable means to collect on an alleged debt.

h.  As a result of filing a lawsuit against Plaintiff that lists "Account Stated" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the

use of the court system to pay for the alleged debt.

i.  As a result of filing a lawsuit against Plaintiff that lists "Open-Ended Account" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692e(2) as it is a false, deceptive, and/or misleading representation of an alleged debt as regards its character and/or legal status.

j.  As a result of filing a lawsuit against Plaintiff that lists "Open-Ended Account" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and unconscionable means to collect on an alleged debt.

k.  As a result of filing a lawsuit against Plaintiff that lists "Open-Ended Account" as a theory of recovery without possessing evidence to meet the burden of all of the elements of this theory, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

l.  As a result of filing a lawsuit against Plaintiff that lists a different amount as due and owing compared to prior mailings sent to Plaintiff, Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the amount of the alleged debt.

m.  As a result of filing a lawsuit against Plaintiff that alleges that Plaintiff opened an account with 3 different banking entities and/or subsidiaries with knowledge that Plaintiff's request for the contract information of the alleged account went unanswered, Defendant violated 15 U.S.C. § 1692e as it is a false, deceptive, and/or misleading representation of an alleged debt.

n.  As a result of filing a Motion for Summary Judgment against Plaintiff that included

no authenticated documentation pursuant to the Rules of Evidence for the Courts in the State of Arizona, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff through the use of the court system to pay for the alleged debt.

o.  As a result of filing a Motion for Summary Judgment against Plaintiff that included no authenticated documentation pursuant to the Rules of Evidence for the Courts in the State of Arizona, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and/or unconscionable means to collect on an alleged debt.

p.  As a result of filing a Motion for Summary Judgment against Plaintiff one day after the mediation session, Defendant violated 15 U.S.C. § 1692d in another attempt to harass Plaintiff to pay for the alleged debt by attempting to subvert the discovery process in that action.

q.  As a result of filing a Motion for Summary Judgment against Plaintiff one day after the mediation session and failing to respond to Plaintiff's emails regarding an enlargement of time to respond to said motion, Defendant violated 15 U.S.C. § 1692f as it represents an unfair and/or unconscionable means to collect on an alleged debt by attempting to subvert the discovery process in that action.

r.  As a result of contradictory information in the Motion for Summary Judgment regarding the alleged amount owed, the interest rate, and last payment amount, Defendant violated 1692e as it is a false, deceptive, and/or misleading representation of an alleged debt.

69. As a result of the foregoing egregious violations, Plaintiff suffered and continues to suffer mental anguish, anxiety, emotional distress, and loss of sleep and Defendant is liable for Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

70. As a result of the foregoing egregious violations, Plaintiff suffered and continues to suffer mental anguish, anxiety, emotional distress, and loss of sleep and Defendant is liable for Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

## V.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Craig P. Goetz prays that this Honorable Court enter judgment in his favor for money damages against all Defendants as follows:

    a.  Maximum statutory damages of $1,000 per Defendant, totaling $3,000, pursuant to 15 U.S.C. § 1692k;

    b.  Actual damages to be determined by the jury pursuant to 15 U.S.C. § 1692k;

    c.  Attorney's fees and costs of the action; and

    d.  Such other and further relief as this Court deems just and proper.

Dated this 27th Day of April, 2015

                        Respectfully submitted,

                        _____

                        Craig P. Goetz

                        *Plaintiff*

**VERIFICATION**

I hereby affirm that I have read the foregoing Complaint and that the representations contained therein are true and correct to my best personal knowledge and belief.

Signed this 27th day of April, 2015.

_____
Craig P. Goetz, *Plaintiff*

STATE OF ARIZONA          )
                          )
COUNTY OF MARICOPA        )

On this 27th day of April _____, 2015 before me personally appeared Craig p. Goetz whose identity was proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document, and who acknowledged that he/she signed the above attached document.

_____
Notary Public



VBHANOOSH HAYTAIAN
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
March 22, 2017